Neel, J.
Plaintiff moves for summary judgment on its claims under defendants’ respective guarantees of a promissory note. For the reasons discussed below, plaintiffs motion for summary judgment is allowed as to liability only.
BACKGROUND
On May 17, 1989, London Harness Company (“London Harness”) was a duly organized corporation in the Commonwealth of Massachusetts. The defendants, K. Dun (“Gifford”) and John V. McManmon, Jr. (“McM-anmon”) were officers of the corporation. On that date, London Harness executed and delivered a promissory note in the original principal amount of $700,000 in favor of Boston Trade Bank (“the Note”). Also on that date, McManmon and Gifford executed separate but identical printed documents titled “Unlimited Guaranty” (defendants’ respective guarantees are referred to collectively as “the Guaranty”). The Guaranty is “an absolute, unconditional and continuing guaranty of the full and punctual payment and performance by [London Harness] of the Obligations [including the Note] and not of their collectibility only.”
Soon after the transaction was completed, London Harness defaulted on the Note by failing to make principal payments when due. On May 3, 1991, the Commissioner of Banks of the Commonwealth of Massachusetts declared Boston Trade Bank insolvent, and appointed the Federal Deposit Insurance Corporation (“FDIC”) liquidating agent of Boston Trade Bank. On April 24, 1998, effective November 14, 1997, the FDIC sold the Note to plaintiff, endorsing it “Pay to the Order of RFC Special Assets I, Inc., without recourse.” In June 1998, RFC brought suit against McManmon and Gifford in their individual capacity as guarantors of the Note.
DISCUSSION
Summary judgment may be granted where there are no genuine issues as to any material fact in dispute and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating that no genuine issue of material facts exist on each and every relevant issue “and [further] that the moving party is entitled to judgment as a matter oflaw.” Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). Where apartyhas moved for summary judgment and “in essence there is no real dispute as to the salient facts or if only a question of law is involved,” summary judgment may be granted to the party entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. at 422.
Defendants argue that the Court must deny the plaintiffs motion for summary judgment because there are genuine issues of material fact,[2] principally as to (1) whether plaintiff or its predecessor in interest, the FDIC, waived its claim under the Guaranty; (2) whether plaintiff or the FDIC acted in bad faith; (3) whether plaintiff has standing to enforce the Guaranty; and (4) the amount due and owing under the Guaranty.
I. Waiver
Defendants argue that plaintiff or the FDIC waived any claim under the Guaranty by allowing the UCC filing on London Harness’s assets to lapse, by failing to notify defendants either of that lapse or of London Harness’s nonpayment, and by failing to pursue timely collection against the assets of London Harness. These defenses fail because defendants expressly waived them in Section 2 of the Guaranty:
Enforcement of the liabilities and obligations of the Guarantor hereunder is in no way conditioned upon any requirement that the Bank first attempt to collect or take any action against [London Harness], or any other person primarily or secondarily liable with respect to [the Note], or resort to any security or other means of obtaining payment of [the Note] which the Bank may now have or may acquire . . . Upon default by [London Harness], . . . the liabilities and obligations of the Guarantor hereunder shall . . . become forthwith due and payable to the Bank, without demand or notice of any nature, all of which are hereby expressly waived by the Guarantor.
In Section 3 of the Guaranty, defendants as guarantors of the Note waived “any requirement that the Bank be diligent or prompt in making demands hereunder, giving notice of any default by [London Har *139 ness] or asserting any other right of the Bank hereunder.”
Massachusetts law permits a guarantor to waive defenses. See Shawmut Bank, N.A. v. Wayman, 34 Mass.App.Ct. 20, 23 (1993) (guarantor bound by express terms of guaranty waiving her right to notice and assent to increase in amount of debt). See also U.S. v. Mallett, 782 F.2d 302, 303 (1st Cir. 1986), and cases cited. Defendants are therefore barred from asserting the same defenses that they voluntarily waived when they agreed to the terms of the Guaranty.
II. Bad Faith
Defendants next argue that plaintiff is not entitled to summary judgment because a genuine issue of material fact remains regarding whether plaintiff violated its duty to act in good faith. While Massachusetts law permits a guarantor to waive his defenses to liability on a guaranty, such a waiver cannot immunize bad faith or fraud. Pemstein v. Stimson, 36 Mass.App.Ct. 283, rev. denied, 418 Mass. 1103 (1994). Bad faith is an affirmative defense, as to which the defendants carry the burden on summary judgment. See F.D.I.C. v. Elder Care Services, Inc., 82 F.3d 524, 527 (1st Cir. 1996) (“It would be the guarantors’ burden to point to admissible evidence that would permit a fact finder to conclude rationally that the FDIC had acted fraudulently or in bad faith”).
As evidence that RCF or its predecessor in interest, the FDIC, acted fraudulently or in bad faith, defendants allege the FDIC’s failure to credit the London Harness loan with the certificates of deposit (“CDs") pledged by defendants; the FDIC’s resulting improper accrual of interest and late charges on the loan; the FDIC’s failure to protect and realize on collateral pledged by London Harness; and the FDIC’s failure to provide defendants with notice that London Harness was not repaying its debt, depriving defendants of the opportunity to take action to realize on London Harness’s assets and collateral.
Even assuming that defendants have offered admissible evidence of the failure of the FDIC to credit the London Harness loan in the amount of the CDs which they pledged as collateral, defendants’ allegations do not satisfy their burden as to the bad faith defense. Defendants expressly agreed that their liability under the Guaranty is “in no way conditioned upon any requirement that the Bank first . . . resort to any security or other means of obtaining payment . . . Upon default by [London Harness] . . . the liabilities and obligations of the Guarantor . . . shall. . . became forthwith due and payable . . . without demand or notice of any nature ...” Defendants do not raise an issue of material fact as to bad faith when they complain that plaintiff or its predecessor did that which the Guaranty expressly allows. At best, defendants have raised an issue as to the amount actually due and owing under the Guaranty.
ID. Standing
Defendants argue that plaintiff lacks standing to collect under the Guaranty because plaintiff acquired it for no value after the assignment of the Note. It is undisputed that the FDIC sold the Note and assigned the Guaranty to plaintiff. Section 12 of the Guaranty provides that the Guaranty “shall inure to the benefit of the Bank and the successors and assigns of the Bank . . .” As assignee of the Note and the Guaranty, plaintiff stands in the shoes of Boston Trade Bank, and may maintain an action on the Guaranty.
ORDER
For the foregoing reasons, plaintiffs motion for summary judgment is ALLOWED as to liability only. The matter shall be set down for an assessment of damages.

defendants argue in their opposition papers that the authenticity of the guarantees attached to the complaint is in dispute; at hearing defendants waived that argument.